IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID MERCED, Inmate #K-84030,   )
                                 )
            Plaintiff,           )
                                 )
vs.                              )   CIVIL NO. 09-241-GPM
                                 )
C/O KAMP, *et al.*,              )
                                 )
            Defendants.          )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff David Merced, an inmate at the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He seeks declaratory relief, injunctive relief, and compensatory and punitive damages for the harm he suffered when a member of "Orange Crush" allegedly placed a shank in his cell. He also complains of extended lock down times.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

### FACTS ALLEGED

Merced alleges that he is a well-behaved Latino prisoner. Due to a stabbing in another cell block, Merced states that all housing units were locked down. During this time, the unit known as "Orange Crush" ordered the prisoners locked in the chapel and began searching their cells. Merced alleges that Defendant Kamp, as a member of the Orange Crush unit, planted a shank in his cell. He claims that 32 shanks were found during this search but that the majority of them were planted. Merced claims he could not have hidden a shank in the curved conduit where it was allegedly found because a shank would not fit in that space. Although Merced is a little vague on this point, it appears that all persons suspected of hiding shanks were placed in segregation. He thinks all the prisoners were later released from segregation because administrators in Springfield suspected something. Because of this he claims his record is unfairly blemished with this accusation and he lives in a high aggressive single cell. He also missed his usual exercise sessions as a consequence of all this.

To help make sense of the plaintiff's papers, the claims are recast into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

#### COUNT 1

Merced alleges that his record was tarnished when Kamp, a member of the Orange Crush unit, allegedly planted a shank in his cell. He claims this caused him to be moved to a different cell for high aggression inmates.

Illinois statutes and correctional regulations do not place limitations on the discretion of prison officials to place inmates in administrative segregation, including investigative or temporary lockdown or confinement and involuntary protective custody; accordingly, there is no liberty interest implicated by an inmate's placement in these forms of segregation. *Williams v. Ramos*, 71 F3d 1246, 1248 (7th Cir. 1995); *Pardo v. Hosier*, 946 F.2d 1278, 1281-1284 (7th Cir. 1991); *Kellas v. Lane*, 923 F.2d 492, 494-95 (7th Cir. 1991); *see generally Sandin v. Conner*, 515 U.S. 472, 483 (1995); *Hewitt v. Helms*, 459 U.S. 460 (1983).

Based on this standard, Merced fails to state a claim based on his placement in administrative segregation. Thus, Count 1 is dismissed.

#### COUNT 2

Merced claims that he was deprived of outdoor exercise time while he was in segregation and that excessive lock downs totaling 164 days in 2008 caused him muscle pain and depression due to lack of exercise.

The Seventh Circuit Court of Appeals has noted that a "[l]ack of exercise could rise to a constitutional violation where movement is denied and muscles are allowed to atrophy, and the health of the individual is threatened." *Harris v. Fleming,* 839 F.2d 1232, 1236 (7th Cir. 1988); *accord French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985). "Unless extreme and prolonged, lack of exercise is not equivalent to a medically threatening situation." *Harris*, 839 F.2d at 1236.

Merced appears not to have been deprived of all exercise, however, but only denied out-of-cell exercise. Although space may have been limited, Merced could have improvised by jogging in place or by doing squat thrusts and pushups or less taxing aerobics in his cell. *See, e.g., Harris*, 839 F.2d at 1236. In the instant case, as in *Harris*, Merced was not deprived of all exercise, just access to the yard. Merced could have easily exercised in his cell.

Based upon this standard, Merced has not stated a claim upon which relief can be granted at this time.

### DISPOSITION

In summary, the complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED with prejudice**. Merced is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED: 10/23/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge